**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| BRANDON GROCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-2688-RDR |
| | ) | |
| PHARMACEUTICAL RESEARCH | ) | |
| ASSOCIATES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter comes before the Court upon Plaintiff's Motion to Stay Proceedings (ECF

No. 10). For the following reasons, the Court hereby grants Plaintiff's Motion.

As an initial matter, Plaintiff's Motion was filed on March 29, 2013. Pursuant to D. Kan.

Rule 6.1(d)(1), Defendant had fourteen days to file a response to Plaintiff's Motion. Defendant

has not filed a response and the time to do so has passed. D. Kan. Rule 7.4(b) states "[i]f a

responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court

will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the

motion without further notice." In Plaintiff's Motion, Plaintiff indicates that Defendant does not

agree to a stay. Defendant, however, has failed to file a response to the present Motion.

Accordingly, the Court will treat Plaintiff's Motion as uncontested.

The power to stay proceedings is firmly vested in the court's sound discretion.[1] The court

"may exercise the power to stay to provide economy of time and effort for itself and for counsel

and litigants appearing before the court."[2] When exercising its inherent power, the court "must

---

[1] *Kutilek v. Gannon*, 132 F.R.D. 296, 297 (D. Kan. 1990).

[2] *Universal Premium Acceptance Corp. v. Oxford Bank & Trust*, No. 02-2448-KHV, 2002 WL 31898217, at *1-2 (D. Kan. Dec. 10, 2002) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)).

weigh competing interests and maintain an even balance."[3] The Tenth Circuit, however, has cautioned that "[t]he right to proceed in court should not be denied except under the most extreme circumstances."[4]

Plaintiff claims a stay of the proceedings for 120 days is necessary because Plaintiff underwent back surgery on March 7, 2013, which the Court interprets as a request that the stay extend to July 5, 2013. Plaintiff asserts that during his recovery from surgery he will be unable to fully participate in discovery. Plaintiff also claims that a stay will allow the parties to more accurately assess alleged damages by allowing Plaintiff to complete treatment and present all medical expenses related to his claims. In light of the current limitations Plaintiff faces, the benefits to delay discovery at this time, and Plaintiff's Motion being uncontested, the Court finds the proceedings in this case should be stayed.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Stay Proceedings (ECF No. 10) is hereby granted. This case shall be stayed until July 5, 2013. Within seven (7) days of the conclusion of the stay, or by July 12, 2013, the parties shall jointly file with the court a report indicating the status of this case.

**IT IS SO ORDERED.**

Dated this 19th day of April, 2013, at Topeka, Kansas.


*s/* K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

[3] *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).

[4] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2nd Cir. 1971)).