IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY

| | |
|---|---|
| BRANDON GROCE, ) | |
| ) | |
| Plaintiff, ) | Case No. 12-CV-2688 RDR/KGS |
| v ) | |
| ) | |
| PHARMACEUTICAL RESEARCH ) | |
| ASSOCIATES, INC. ) | |
| ) | DEMAND FOR JURY TRIAL |
| Defendant. ) | |

## ANSWER

Defendant Pharmaceutical Research Associates, Inc. (hereinafter "PRA"), by and through its attorney of record, Jenifer W. Svancara of the Law Offices of Donald B. Balfour, and for its Answer to Plaintiff Brandon Groce's First Amended Complaint, answers as follows:

1. PRA does not have sufficient information or belief to admit or deny the allegations set forth in paragraph 1 of Plaintiff's First Amended Complaint and, therefore, denies same.

2. Admitted.

## JURISDICTION AND VENUE

3. PRA does not have sufficient information or belief to admit or deny the allegations set forth in paragraph 3 of Plaintiff's First Amended Complaint and, therefore, denies same.

4. PRA does not have sufficient information or belief to admit or deny the allegations set forth in paragraph 4 of Plaintiff's First Amended Complaint and, therefore, denies same.

## FACTUAL ALLEGATIONS

5. PRA admits that plaintiff participated in a clinical research study. PRA denies each and every remaining allegation set forth in paragraph 5 of Plaintiff's First Amended Complaint.

6. PRA admits that on October 27, 2010, plaintiff entered the facility located at 9755 Ridge Drive, Lenexa, Johnson County, Kansas. PRA denies each and every remaining allegation set forth in paragraph 6 of Plaintiff's First Amended Complaint.

7. PRA does not have sufficient information or belief to admit or deny the allegations set forth in paragraph 7 of Plaintiff's First Amended Complaint and, therefore, denies same.

8. Denied.

9. PRA does not have sufficient information or belief to admit or deny the allegations set forth in paragraph 9 of Plaintiff's First Amended Complaint and, therefore, denies same.

## COUNT I – PREMISES LIABILITY

10. Denied.

11. Denied.

12. Denied, including each subpart.

13. Denied, including each subpart.

14. PRA denies each allegation not specifically admitted herein.

WHEREFORE, having fully answered Plaintiff's First Amended Complaint, Pharmaceutical Research Associates, Inc. prays that Plaintiff's First Amended Complaint be dismissed, for its costs herein incurred, and for such other and further relief as this Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

1. PRA state that Plaintiff's Complaint fails to state a claim or cause of action upon which relief can be granted.

2. PRA affirmatively states that if Plaintiff sustained any injuries or damages as alleged, which this Defendant specifically denies, the same were caused or contributed to be caused, in whole or in part, by the contributory or comparative negligence or fault or other culpable conduct of Plaintiff and/or others, and not as a result of any negligence, or any other culpable conduct on the part of this Defendant.  Accordingly, Plaintiff should be barred from recovery against this Defendant or, in the alternative, any recovery against this Defendant should be reduced due to the contributory or comparative negligence or fault or other culpable conduct of Plaintiff and/or others, and hereby requests a percentage allocation of the same.  K.S.A. §60-258a.

3. PRA affirmatively states that if Plaintiff sustained any injuries or damages, which this Defendant specifically denies, the same were directly caused or contributed to be caused by the acts or omissions of a person or entity over whom this Defendant had neither control nor right of control.

4. Plaintiff's claim of damages related to his medical bills is limited to the amount actually paid and does not include any amount written off.

5. Plaintiff's claim of damages is barred by the reason that any alleged dangerous condition complained of was open or obvious.

6. Plaintiff's claim of damages is barred by the appropriate statute of limitations.

7. PRA affirmatively states that if Plaintiff sustained any loss, which this Defendant specifically denies, Plaintiff has failed to mitigate his alleged damages.

8. If Plaintiff sustained any injuries or damages, which this Defendant specifically denies, Plaintiff's negligence must be compared because Plaintiff willingly, knowingly, and

voluntarily assumed the risk that resulted in any or all of the injuries or damages so as to diminish and/or deny entirely the recovery by Plaintiff against this Defendant.

9. PRA affirmatively states that if any other party makes a settlement with Plaintiff, or if Plaintiff receives anything of value from any such party, individual or entity, the amount of such payment or consideration should be treated as a set-off or credit against any judgment that may be entered against these Defendants.

10. PRA affirmatively states that its liability, which it specifically denies, is limited to the amount set forth in K.S.A. §60-19a02 and Kansas Law.

11. If Plaintiff sustained any injuries or damages, which this Defendant specifically denies, it is because Plaintiff failed to keep a careful and proper lookout that resulted in any or all of the injuries or damages so as to diminish and/or deny entirely the recovery by Plaintiff against PRA.

12. PRA denies the nature and extent of Plaintiff's alleged damages.

13. Plaintiff's claim of damages is barred by doctrines of waiver, release and informed consent.

14. PRA specifically reserves the right to add or amend any affirmative defenses as it discovers additional facts.

WHERFORE, having fully answered Plaintiff's First Amended Complaint, Pharmaceutical Research Associates, Inc. herein prays that Plaintiff's First Amended Complaint be dismissed, for their costs herein incurred, and for such other and further relief as this Court deems just and proper.

### **DEMAND FOR JURY TRIAL**

Defendant requests a jury trial on all issues so triable.

LAW OFFICES OF DONALD BALFOUR

/s/ Jenifer W. Svancara
Jenifer W. Svancara, #20966
5901 College Blvd., Suite 410
Overland Park, KS 66211
(913) 661-2730; Fax (913) 661-2729
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was filed electronically with the above-captioned court, with notice of case activity to be generated and sent electronically by the clerk of said Court (with a copy to be mailed to any individuals who do not receive electronic notice from the clerk) this 22nd day of August, 2013.

/s/ Jenifer W. Svancara
Jenifer W. Svancara
For the Firm